# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# NORTHERN DIVISION

| | |
|---|---|
| DARRELL WOODS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 2:15CV13 CDP |
| | ) |
| RICKY HAYS, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

Plaintiff, a prisoner, seeks leave to proceed in forma pauperis in this civil action under 42 U.S.C. § 1983. Having reviewed plaintiff's financial information the Court assesses a partial initial filing fee of $12.00, which is twenty percent of his average monthly deposit. *See* 28 U.S.C. § 1915(b). Additionally, the Court will direct plaintiff to file an amended complaint.

Under 28 U.S.C. § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### Plaintiff's Allegations

Plaintiff, who is confined in the Northeast Correctional Center ("NCC") brings this action against several NCC officials for alleged denial of due process and retaliation. Plaintiff says he was issued a conduct violation on June 13, 2014. Plaintiff was placed in temporary administrative segregation ("TASC") during the pendency of the conduct violation. Under the

policy of the Missouri Department of Corrections ("MoDOC") he was entitled to a hearing on the conduct violation within seven business days of its issuance. He did not receive a timely hearing. Plaintiff complained to defendant Ricky Hays on June 23, 2014, that he had not received a timely hearing and that he was being denied due process. Hays responded only that the officials had received the conduct violation. Plaintiff then wrote to defendant Tyree Butler, "which met in negative results too." Plaintiff says he filed a grievance regarding the situation. The conduct violation was expunged on August 22, 2014, and plaintiff was released to the general population.

Plaintiff says that defendant Taylor Preston retaliated against him by falsely accusing him of assaulting her. He believes she did this to justify his continued segregation without the process required under MoDOC's policy.

Plaintiff says that defendants Preston and Damien Austin refused to allow him to present witnesses or review the security camera footage to disprove his false conduct violation. He alleges that Preston was the only officer present when she assaulted him, but he claims that officer Grote falsely reported that he was with Preston at the time.

Plaintiff says he was refused medical attention after the assault by defendant Austin.

Plaintiff wrote to defendant James Rhodes, who was an investigator, requesting that the matter be investigated. Rhodes did not respond to plaintiff until November 19, 2014.

Plaintiff says he was found guilty of the assault without a proper investigation. Plaintiff claims that after he was released to the general population, NECC staff have been harassing him.

## Discussion

The complaint is silent as to whether defendants are being sued in their official or individual capacities. Where a "complaint is silent about the capacity in which [plaintiff] is

suing defendant, [a district court must] interpret the complaint as including only official-capacity claims." *Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995); *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989). Naming a government official in his or her official capacity is the equivalent of naming the government entity that employs the official, in this case the State of Missouri. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). "[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Id.* As a result, the complaint fails to state a claim upon which relief can be granted.

To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff has made no such allegations. *E.g.*, *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not atypical or significant). As a result, plaintiff's due process claim fails to state a claim upon which relief can be granted.

Because plaintiff is proceeding pro se, the Court will allow him to file an amended complaint. Plaintiff shall have thirty days from the date of this Order to file an amended complaint. Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so he must include each and every one of his claims in the amended complaint. *E.g.*, *In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005). In order to sue defendants in their individual capacities, plaintiff must specifically say so in the complaint. If plaintiff fails to file an amended complaint within thirty days, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $12.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff must file an amended complaint within thirty (30) days of this Order or face dismissal of this action.

Dated this 20th day of April, 2015.

*/s/ Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE