UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| DARRELL WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:15CV13 CDP |
| | ) | |
| RICKY HAYS, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before me on review of plaintiff's amended complaint under 28 U.S.C. § 1915(e).[1] Under § 1915(e), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim for relief under § 1983, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct."

### Plaintiff's Allegations

Plaintiff, who is confined in the Northeast Correctional Center ("NCC") brings this action against several NCC officials in their individual capacities for alleged denial of due process and retaliation. Plaintiff says he was issued a conduct violation on June 13, 2014. Plaintiff was

---

[1] Normally, under 28 U.S.C. § 1915(b)(1)-(2), a prisoner proceeding in forma pauperis is required to pay the full amount of the filing fee in installments. To that end, the Court previously ordered plaintiff to submit a partial initial filing fee of $12.00. However, plaintiff says that he cannot afford to pay the initial filing fee at this time [ECF No. 9]. Under § 1915(b)(4), the Court may not dismiss a prisoner action if the prisoner cannot afford to pay the initial fee. Therefore, plaintiff is not required to submit a partial filing fee at this time. The Court will direct plaintiff to file a certified copy of his account statement within forty-five days of the date of this Order, so that the Court can determine if plaintiff should pay a partial initial filing fee.

placed in administrative segregation during the pendency of the conduct violation. Under the policy of the Missouri Department of Corrections ("MoDOC") he was entitled to a hearing on the conduct violation within seven business days of its issuance. He did not receive a timely hearing. Plaintiff complained to defendant Ricky Hays on June 23, 2014, that he had not received a timely hearing and that he was being denied due process. Plaintiff then complained to defendant Tyree Butler, "which met in negative results too." The conduct violation was expunged on August 27, 2014.

Plaintiff says he filed an Informal Resolution Request ("IRR") on July 1, 2014, about having been "unconstitutionally confined" in segregation. Later that day, says plaintiff, he was assaulted by NECC staff, including Taylor Preston, while his hands were cuffed. Plaintiff maintains that she falsely accused him of assaulting her and issued him a conduct violation. He also says he was not given any process during the conduct violation hearing.

Plaintiff wrote to defendant James Rhodes, who was an investigator, requesting that the matter be investigated. Rhodes "did not respond in a reasonable amount of time."

On October 16, 2014, defendant Robert Lagore allegedly hit plaintiff on his penis with a milk carton for sexually motivated reasons. Plaintiff claims that he reported the assault to defendant Damien Austin. Plaintiff believes that Austin was required to submit a report under the Prison Rape Elimination Act[2] ("PREA") immediately.

Plaintiff claims that on the following day defendants Austin, Kristin Cutt, and Tyree Butler attempted to dissuade him from filing a report under PREA. He says that Butler threatened to put him in disciplinary segregation for six months if he filed the report. And he claims that defendant Kristin Cutt gave him a conduct violation after he made it clear he was

---

[2] 42 U.S.C. § 15601, *et seq.*

going to file a PREA claim. Plaintiff wrote to defendant James Hurley, the Warden, about the incident, but Hurley did not do anything about it.

Plaintiff wrote a grievance to defendants Hurley and Alan Earls, and they denied it.

On November 19, 2014, Rhodes interviewed plaintiff about the PREA claim. At that time, he was in administrative segregation. Defendants Cutt and Butler told him he was confined because of the PREA investigation.

On January 26, 2015, defendant Tina Cobb allegedly assigned plaintiff to thirty days in disciplinary segregation for having filed the PREA complaint. He says that defendant Stacie Lescalleet issued him a conduct violation for filing an IRR.

Plaintiff's only allegation regarding defendant David Cutt is that Cutt attempted to interview him about the PREA claim.

## Discussion

Plaintiff's retaliation claims against defendants Kristin Cutt, Tyree Butle, Tina Cobb, Stacie Lescalleet, and Taylor Preston state a plausible claim for relief under § 1983. As a result, the Court will order the Clerk to serve these defendants with process.

Plaintiff's claim that Preston was part of a group of officers that assaulted him while his hands were cuffed states a plausible claim for relief as well, as does plaintiff's claim that Robert Lagore sexually assaulted him with a milk carton.

To state a claim under § 1983 for unconstitutional placement in administrative segregation, a prisoner "must show some difference between his new conditions in segregation and the conditions in the general population which amounts to an atypical and significant hardship." *Phillips v. Norris*, 320 F.3d 844, 847 (8th Cir. 2003). Plaintiff's allegations do not rise to this level. *E.g.*, *Hemphill v. Delo*, 124 F.3d 208 (8th Cir. 1997) (unpublished) (four days

locked in housing unit, thirty days in disciplinary segregation, and approximately 290 days in administrative segregation not atypical or significant). As a result, plaintiff's due process claims against Ricky Hays and Tyree Butler fail to state a claim upon which relief can be granted.

Plaintiff's claim that Damien Austin violated his rights by failing to file a PREA report does not state a claim for relief. "PREA does not create a right of action that is privately enforceable by an individual civil litigant." *Alexander v. Steele Cnty. Jail*, 2014 WL 4384452 at *7 (D. Minn. Sept. 4, 2014).

Plaintiff's claims that James Hurley, as Warden, failed to intervene do not state a claim for relief. *See Camberos v. Branstad*, 73 F.3d 174, 176 (8th Cir. 1995) ("a general responsibility for supervising the operations of a prison is insufficient to establish the personal involvement required to support liability."). Similarly, plaintiff's claim that Hurley and Earls denied his grievance does not state a claim for relief. *See George v. Smith*, 507 F. 3d 605, 609 (7th Cir. 2007) ("Only persons who cause or participate in the [constitutional] violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation.").

Plaintiff's claim that James Rhodes did not conduct a timely investigation does not rise to the level of a constitutional violation. Nor does his claim that defendant David Cutt attempted to interview him about the alleged sexual assault.

Finally, the complaint does not contain any allegations against defendants Richard Griggs William Jones, David Cutt, or Unknown Grote.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint as to defendants Kristin Cutt, Tyree Butler, Tina Cobb, Stacie Lescalleet, and Taylor Preston.

**IT IS FURTHER ORDERED** that, pursuant to 42 U.S.C. § 1997e(g)(2), defendants Kristin Cutt, Tyree Butler, Tina Cobb, Stacie Lescalleet, and Taylor Preston shall reply to plaintiff's claims within the time provided by the applicable provisions of Rule 12(a) of the Federal Rules of Civil Procedure.

**IT IS FURTHER ORDERED** that defendants Ricky Hays, Richard Griggs, William Jones, James Hurley, James Rhodes, Damien Austin, Alan Earls, Unknown Grote, David Cutt, and Robert Lagore are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that plaintiff's due process claims are **DISMISSED**.

**IT IS FURTHER ORDERED** that the Court's Order dated April 20, 2015, is **VACATED** in part; plaintiff is not required to pay an initial partial filing fee at this time. Plaintiff must submit a certified copy of his prison account statement within forty-five (45) days of this Order.

An Order of Partial Dismissal will be filed separately.

Dated this 10th day of June, 2015.

*Catherine D. Perry*
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE